385 So.2d 188 (1980)
CAPE PUBLICATIONS, INC., a Florida Corporation, Mike Lewis and Vincent Spezzano, Appellants,
v.
TERI'S HEALTH STUDIO, INC., a Florida Corporation, Appellee.
No. 79-1766/T4-715.
District Court of Appeal of Florida, Fifth District.
July 9, 1980.
S. Lindsey Holland, Jr. of Crofton, Holland, Starling, Harris & Severs, P.A., Melbourne, for appellants.
Charles Holcomb of Holcomb & Theriac, Merritt Island, for appellee.
DAUKSCH, Chief Judge.
This is an appeal from a judgment in a libel case. The point on appeal involves an award of punitive damages. The appellants have not appealed the judgment for compensatory damages.
The question on appeal is whether the evidence supports the award of punitive *189 damages, which evidence concerns the malice of the appellants in printing a false news story about a private individual. The standard of proof for punitive damages in a newspaper libel case is discussed in Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). To hold the appellants liable, it must have been proved the false statement was printed with knowledge the statement was false or in reckless disregard of whether it was false or not. New York Times Co. v. Sullivan, 376 U.S. 254, 280, 84 S.Ct. 710, 726, 11 L.Ed.2d 686 (1964). In St. Amant v. Thompson, 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968), the Supreme Court said:
These cases are clear that reckless conduct is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing. There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication. Publishing with such doubts shows reckless disregard for truth or falsity and demonstrates actual malice.
Id. 88 S.Ct. at 1325.
There is no question the news reporter who prepared the story for publication was negligent in his investigation and he and his employer should suffer the result of that negligence by paying appellee for all injuries which were caused by the negligence. The jury found appellee was injured in its business in the amount of $15,000.00 and the trial court entered judgment for that amount. As was said, that portion of the judgment is not being appealed. The jury also awarded $2,550.00 punitive damages; $2,500.00 against the reporter, $25.00 against Vincent Spezzano, the publisher and editor of the paper, and $25.00 against "all Defendants, jointly and severally."
Upon a review of the evidence we find it legally insufficient to support the judgment for punitive damages. The essential facts are that appellee operated an exercise facility and, as is the custom in that business, induced its patrons to enter into long term contracts. As is also the custom in this business, apparently, the patrons defaulted in the payment on the contracts. Appellee filed a lawsuit and obtained a judgment for $53.00 against Alix T. Ball, a patron, for non-payment on her contract. Alix Ball did not pay that judgment and was evidently in default of other payments to Lynn Institution for Savings which brought suit to foreclose a mortgage. Because appellee's judgment was recorded before the Lynn lawsuit was instituted, Lynn named appellee as a party defendant in order to extinguish any claim appellee, a judgment creditor, would have against the property being foreclosed. This situation is not at all uncommon in mortgage foreclosures, and is one which any experienced news reporter would recognize. But the reporter covering this story was not experienced, was covering two reporters' jobs and in his haste filed a false story which was printed. The story in its entirety is as follows:
Suit Names MI Firm
A Merritt Island health studio is being sued by a Massachusetts lending institution that stated it has not received several mortgage payments.
Lynn Institution for Savings, in a Brevard Circuit Court lawsuit, stated that Teri's Health Studio, Inc., of 670 N. Courtenay Parkway has not paid on its mortgage since Feb. 1.
The studio now owes $15,799.37 plus interest, the suit claimed.
TODAY was unable to contact Alix T. Ball, the studio's operator, for comment.
Teri Erb, a principal in the appellee corporation, complained to the newspaper and a retraction was printed the next day. The entire retraction is as follows:
Health Studio Story Erred
TODAY erronously (sic) reported on page 3B Tuesday that Teri's Health Studio, Inc., 670 N. Courtenay Parkway, Merritt Island had been named in a suit alleging that it had failed to make mortgage payments since Feb. 1. TODAY also incorrectly identified Alix T. Ball as the health studio's operator.
Teri's Health Studio, Inc., operated by Teri Erb, is in no way connected with any *190 mortgage litigation. The article stated wrongly that the firm owed $15,799 to the Lynn Institution for Savings of Massachussetts (sic).
The suit actually is against Alix T. Ball, from whom Teri's Health Studio obtained a judgment on April 25, 1975. It is because of this judgment that the health studio was mentioned in the litigation against Mrs. Ball. Under Florida law, anyone with a claim against a suit defendant technically becomes a party to the suit.
The suit in no way alleges any financial problem with the health studio and TODAY apologizes to Mrs. Erb for any false impressions left by this regrettable error.
The newspaper also sent Teri Erb a letter of apology which she posted on the bulletin board. She also posted a sign on her advertising marquee in one-foot letters which is as follows:

THANK YOU TODAY FOR APOLOGY
One might expect that ended it all, but as can be seen, it did not. The question is whether it should have ended it all, at least as to punitive damages. The answer is yes.
There are statutes dealing with matters such as this and they are within chapter 770, Florida Statutes (1979). Of primary concern here are sections 770.01 and 770.02, and they are as follows:
770.01 Notice condition precedent to action or prosecution for libel or slander.  Before any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he alleges to be false and defamatory.
770.02 Corrections, apology, or retraction by newspaper or broadcast station.  If it appears upon the trial that said article or broadcast was published in good faith, that its falsity was due to an honest mistake of the facts, that there were reasonable grounds for believing that the statements in said article or broadcast were true, and that, within 10 days after the service of said notice, a full and fair correction, apology or retraction was, in the case of newspapers and periodicals, published in the same editions or corresponding issues of the newspaper or periodical in which said article appeared and in as conspicuous place and type as was said original article or, in the case of broadcast, the correction, apology, or retraction was broadcast at a comparable time, then the plaintiff in such case shall recover only actual damages.
The key to this case is that if the newspaper prints a full and fair retraction, which appellee admits it did, then the defamed person must prove malice, bad faith or a reckless disregard for the truth or falsity of the story. Although the negligence of the reporter is readily apparent and admitted in this case, that negligence does not rise to the level of reckless disregard for truth or falsity so as to demonstrate actual malice. St. Amant v. Thompson, 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968). The story is hardly libelous, let alone so egregious as to warrant more than a retraction and an award of compensatory damages. This record simply does not support a punitive damage award.
REVERSED.
ORFINGER and COBB, JJ., concur.